496 P.2d 1054 (1972)
Garry L. HURST, by his father, legally appointed guardian, and next friend, et al., Plaintiffs-Appellants,
v.
CROWTERO BOATING CLUB, INC., a Colorado corporation, and Jay W. Bendle, Defendants-Appellees.
No. 71-383.
Colorado Court of Appeals, Div. II.
May 9, 1972.
O'Leary & Ratner, Colorado Springs, for plaintiffs-appellants.
Phelps, Fonda, Hays, Farley, Abram & Shaw, Pueblo, for defendants-appellees.
Selected for Official Publication.
DWYER, Judge.
Garry L. Hurst, a minor, was injured when he was struck by a motor boat while he was swimming in a boat launching area at Lake Meredith in Crowley County, Colorado. The Crowtero Boating Club operated the ramps and docks used for launching boats in this area. All of the plaintiffs in this action seek to recover damages they allegedly sustained as a result of Garry's injuries. The action was brought against the Crowtero Boating Club; Jay W. Bendle, an employee of the Club; and Jordan Morehead, the driver of the boat.
Prior to the trial, Jordan Morehead was dismissed as a defendant after a settlement agreement, which included a covenant not to sue, was entered into between plaintiffs and the defendant Morehead. The action against the remaining defendants was tried *1055 to a jury which returned a verdict for the defendants. Plaintiffs have appealed the adverse judgment entered on the verdict.
It was plaintiffs' theory that defendants were negligent in permitting Garry to swim in a dangerous area and in failing to warn him of the dangers involved. They offered evidence that Garry, who was then 13 years of age, and his companion were both on the dock in the launching area shortly before the accident. Both of the boys were wearing swimming suits. Defendant Bendle was supervising the launching of Morehead's boat. Bendle saw the boys but did not order them out of the area and did not warn them not to swim in the area. Garry dove into the water and afterwards was struck by the boat which had been launched under Bendle's supervision. Plaintiffs also offered evidence that there were no warning signs prohibiting swimming in the launching area. Such a sign had been erected by the Club at one time, but it had been torn down approximately two months before the accident. Bendle had told the officers of the boating club that the sign should be replaced. The officers told Bendle that they would replace the sign, but they had not done so at the time of the accident.
At the close of plaintiffs' evidence, the trial court ruled that plaintiffs had failed to establish their allegations that defendants were guilty of gross negligence or of willful or wanton misconduct. The court also ruled that there was sufficient evidence of simple negligence to require submission of the case to the jury. These rulings represent a correct analysis of the evidence presented.
The main issue on this appeal is whether the court erred in its instructions to the jury. Over plaintiffs' objection, the court instructed the jury that:
"The occupant of premises has a duty to a licensee, whose presence on the premises is known or reasonably could have been anticipated, not to injure him by a willful and wanton act or by an affirmative act of negligence."
Subsequent to the trial of this case, our Supreme Court in Mile High Fence Co. v. Radovich, Colo., 489 P.2d 308, enunciated the rule now applicable in cases where a party is injured while on the premises of another. In that case, the court ruled that status classifications are no longer determinative of the degree of care owed by the occupant of the premises to persons injured on such premises. The court stated:
"What we are holding is that status or classification of one who is upon the property of another is not to be determinative of the occupant's responsibility or the degree of care which he owes to that person. Rather, the occupant, in the mangement of his property, should act as a reasonable man in view of the probability or foreseeability of injury to others. A person's status as a trespasser, licensee or invitee may, of course, in the light of the facts giving rise to such status, have some bearing on the question of liability, but it is only a factornot conclusive."
The instruction given by the trial court is based upon status classification as determinative of the owner's responsibility. The instruction is an incorrect statement of the law and was prejudicial to the plaintiffs' case.
The judgment is reversed, and the cause is remanded for a new trial.
COYTE and ENOCH, JJ., concur.